IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MASON L. HUTTER,

                Plaintiff,

  v.                                                        OPINION & ORDER

ST. CROIX COUNTY CLERK OF COURTS OFFICE,       16-cv-718-jdp

                Defendant.

---

Plaintiff Mason L. Hutter, an inmate at the Prairie du Chien Correctional Institution, brings this lawsuit alleging that St. Croix County officials placed incorrect information into his criminal or driver-license records, leading to him being arrested. Hutter has made an initial partial payment of the filing fee, as previously directed.[1]

The next step in this case is to screen the complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Hutter is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

After reviewing the complaint with these principles in mind, I conclude that Hutter's current complaint does not state any federal claims for relief, but I will give him a chance to amend his complaint to do so.

---

[1] Hutter filed this case in the United States District Court for the Eastern District of Wisconsin. That court transferred the case here. *See* Dkt. 6.

ALLEGATIONS OF FACT

Plaintiff Mason L. Hutter is an inmate at the Prairie du Chien Correctional Institution. But his allegations involve events occurring in August 2015, when he was out of prison. On August 28, 2015, Hutter was pulled over in Ellsworth, Wisconsin and charged with operating after revocation and tampering with an ignition interlock device. Hutter was jailed for four days, even though he had a driver license and was not on an interlock restriction.

The source of the error was the St. Croix County Clerk's Office, which erred when filling out paperwork about previous cases: staff accidentally placed Hutter's driver license number in a case involving another person who had been convicted of second-offense operating while intoxicated (presumably who also had his license revoked and had an interlock requirement). Hutter says that "this" is still on his record, that he has been "libeled and slandered," and that he was wrongfully jailed. He has filed a supplement in which he states that the operating-while-intoxicated charge was removed from his record but that the interlock-tampering charge remains, even after he requested that it be removed. He believes that the erroneous charge or other information in his record played into a later false arrest that he is challenging in another case in this court, No. 16-cv-717-jdp.

ANALYSIS

Hutter seeks money damages for "the negligence and careless manner in which [the St. Croix County Clerk's Office] did and continue to do their job." Dkt. 1, at 4. But negligence and the other *state law* causes of action (such as libel and slander) mentioned in the complaint cannot be heard by this federal court unless Hutter brings *federal* claims in his lawsuit or he and defendant are citizens from different states. *See* 28 U.S.C. §§ 1331 and 1332. Given the

information in the complaint and public court records I have reviewed in conjunction with Hutter's allegations, there is no reason to think anything other than that he is a Wisconsin citizen.

The only federal claims plausibly contained in Hutter's complaint are ones under the Fourth Amendment for false arrest, because he apparently has been arrested twice at least in part because of faulty records created by the St. Croix County Clerk's Office. It is unclear exactly what Hutter is saying remains on either his criminal record or driver-license records, but it would seem to include either past convictions, a revoked license, or ignition interlock requirement.

I take Hutter to be saying that he did not inform the clerk's office about the mistaken information until after the first arrest, so he cannot bring a claim about that arrest. Reasonable mistakes by police officers do not subject them to Fourth Amendment liability, and there is no reason to think that a simple transposition mistake of the kind made by the clerk's office here would be subject to liability either. *Cf. Tibbs v. City of Chi.*, 469 F.3d 661, 664 (7th Cir. 2006) (reasonable mistake to arrest person having same name, race, sex as target of warrant but different middle initials and six-year age difference); *Brown v. Patterson*, 823 F.2d 167, 168-70 (7th Cir. 1987) (no Fourth Amendment violation when officer arrested man whose name was listed as an alias on a warrant but whose birthday and address did not match).

But Hutter seems to be saying that he was arrested a second time even after he alerted the clerk's office about the mistake, and that to this day the clerk's office has not fixed the problem, which will subject him to the same problem in the future. If Hutter had named as a defendant the individuals whom he says are intentionally refusing to correct his records, he would likely state a Fourth Amendment claim against those officials. However, he names only

3

the St. Croix County Clerk's Office as a defendant, and he does not allege that the records were created erroneously because of a county policy or custom, which is the only way a county may be held liable under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

Because it is possible that Hutter could state claims for relief by amending his allegations, I will give him a short time to submit an amended complaint that provides a better explanation of his claims. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. In particular, he should explain who he thinks is responsible for leaving the incorrect information in his record. If he believes that this decision was made because of a custom or policy of the county, he should say so. If he believes that individual staff members in the clerk's office are intentionally refusing to fix his records, he should name those individuals as defendants. If Hutter does not know the actual identities of those individuals, he should refer to these individuals as "John Doe No. 1," "John Doe No. 2," and so on.

If Hutter submits an amended complaint by the deadline set forth below, I will screen it under §§ 1915 and 1915A. If he does not, I will dismiss the entire case because Hutter does not state any federal claims for relief. Hutter would still be free to litigate his state-law claims in state court.

Hutter has also filed a motion for the court's assistance in recruiting him counsel, but it is premature to consider such a request. There is no reason to think that Hutter needs counsel to amend his complaint. And Hutter does not explain that he has asked private attorneys for help and that they have turned him down, which this court usually requires a plaintiff show before recruiting counsel for the plaintiff. I will deny Hutter's motion without prejudice,

4

meaning that he can refile his motion if he is allowed to proceed with a claim, he can show that he has been turned down by outside counsel, and he can explain why the case is too difficult for him to litigate himself.

ORDER

IT IS ORDERED that:

1. Plaintiff Mason L. Hutter may have until May 26, 2017, to file an amended complaint explaining his claims. If plaintiff fails to timely amend his complaint, I will dismiss this case.

2. Plaintiff's motion for recruitment of counsel, Dkt. 10, is DENIED without prejudice.

Entered May 8, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge