IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MASON L. HUTTER,

Plaintiff,

v.

ST. CROIX COUNTY CLERK OF COURTS OFFICE,

Defendant.

OPINION & ORDER

16-cv-718-jdp

---

Plaintiff Mason L. Hutter brings this lawsuit alleging that St. Croix County officials placed incorrect information into his criminal or driver-license records, leading to him being arrested twice. In screening Hutter's original complaint and supplement to the complaint, I concluded that this court could not hear his claims because it was unclear whether he stated any claims for relief under federal law. Dkt. 17. The majority of Hutter's allegations concerned negligence on the part of St. Croix County employees who worked for the clerk of court, but the court could not consider only those claims because there was no indication that the court could exercise diversity jurisdiction over the claims. *Id.* at 2–3.

I noted that Hutter potentially could bring a Fourth Amendment claim against the officials who were made aware of the incorrect information yet intentionally failed to correct it, leading to Hutter's second arrest. Dkt. 3. But Hutter did not name as a defendant any individuals responsible for this problem, and he did not allege that the records were created erroneously because of a county policy or custom, which is the only way a county may be held liable under 42 U.S.C. § 1983. *Id.* at 3–4.

Hutter has provided an amended complaint that fixes most of these problems. Dkt. 18. Although he did not amend the caption of his complaint, it is clear from his allegations that he

seeks to bring claims against the county as well as individual defendants Shelly Fox and Jane Does who worked in the clerk of court's office. So I will allow Hutter to proceed on Fourth Amendment claims against Fox and the Doe defendants for either recklessly or intentionally allowing his records to contain incorrect information, knowing that it could lead to another erroneous arrest. He conclusorily states that a custom or policy was responsible for the problems, but without more detailed allegations, I cannot allow him to proceed on a Fourth Amendment claim against the county. If, through discovery, he learns that there was indeed a policy or custom that led to the employees entering or maintaining incorrect records, he may file a motion to amend his complaint to add a claim against the county.

Now that Hutter has stated Fourth Amendment claims, I may consider his state law claims. He no longer appears to be attempting to bring defamation claims. But he does continue to state that defendants acted negligently throughout the course of events. I will allow him to proceed on negligence claims against Fox and the Doe defendants for their role in negligently placing false information in this record before his first arrest, and also for leaving it in the record, leading to the second arrest. Hutter also states claims against St. Croix County under the doctrine of *respondeat superior*. *See, e.g., Javier v. City of Milwaukee,* 670 F.3d 823, 828 (7th Cir. 2012) (doctrine of *respondeat superior* assigns vicarious liability to employer for torts of employees acting within scope of employment).

At the preliminary pretrial conference that will be held later in this case, Magistrate Judge Stephen Crocker will explain the process for Hutter to use discovery requests to identify the names of the Doe defendants and to amend the complaint to include the proper identities of these defendants.

Because there appears to be some factual overlap between this case and Hutter's other pending case, about being falsely arrested in Pierce County, 18-cv-576-jdp, I will consolidate them under Federal Rule of Civil Procedure 42, which means that Magistrate Judge Crocker will hold a joint preliminary pretrial conference and set one schedule for resolution of both cases. I envision holding a joint trial, if necessary, although the parties are free to submit input on that matter. The court will maintain separate dockets for the cases, so the parties should still submit filings into the respective dockets.

ORDER

IT IS ORDERED that:

1. Plaintiff Mason L. Hutter is GRANTED leave to proceed on Fourth Amendment and Wisconsin-law negligence claims against defendants Shelly Fox, Jane Doe St. Croix County clerk of court's office employees, and St. Croix County.

2. This case is CONSOLIDATED with case no. 18-cv-576-jdp.

3. The clerk of court is directed to forward the amended complaint, Dkt. 18, and summons to the United States Marshal for service on defendants.

4. For the time being, plaintiff must send defendants a copy of every paper or document that he files with the court. Once plaintiff learns the name of the lawyer or lawyers who will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard documents plaintiff submits that do not show on the court's copy that he has sent a copy to defendants or to defendants' attorney.

5. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

6. If plaintiff is transferred or released while this case is pending, it is plaintiff's obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

Entered July 27, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge