IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MASON L. HUTTER,

                    Plaintiff,

  v.

SHELLY FOX, JANE DOE ST. CROIX COUNTY
CLERK OF COURTS OFFICE EMPLOYEES,
and ST. CROIX COUNTY,

                    Defendants.

ORDER

16-cv-718-jdp

---

MASON L. HUTTER,

                    Plaintiff,
  v.

RICK HUNEKE and PIERCE COUNTY,

                    Defendants.

ORDER

18-cv-576-jdp

---

I have consolidated these two cases filed by plaintiff Mason L. Hutter, an inmate at the Pierce County Jail. In case no. 16-cv-718-jdp, Hutter alleges that St. Croix County officials placed incorrect information into his criminal or driver-license records, leading to him being arrested twice. In case no. 18-cv-576-jdp, Hutter alleges that a Pierce County sheriff's deputy violated his rights under the Fourth Amendment and state law by pulling him over, arresting him, and fabricating testimony in support of a warrant for a blood draw. I take Hutter to be saying that the Pierce County arrest happened in part because of erroneous information provided by the St. Croix County defendants. The parties have filed several motions in each case.

## A. Case no. 16-cv-718-jdp against St. Croix County defendants

In the '718 case, Hutter is proceeding on Fourth Amendment and Wisconsin-law negligence claims against defendants Shelly Fox, Jane Doe St. Croix County clerk of court's office employees, and St. Croix County for incorrectly putting information about someone else's drunken-driving conviction into his driver license file, and leaving that information in the file even after being alerted to the error.

Hutter filed a document he calls a request for leave to amend the complaint, Dkt. 47, which I take to be an attempt to name a Doe defendant and add additional claims.[1] He states what he knows about the clerk's office personnel who handled his file. But all he says is that his file was passed from the judge to a clerk's office employee during his criminal proceedings, which is not enough to plausibly allege that the particular employee entered false information the record.

Hutter states that he would like to add claims for defamation, false imprisonment, unlawful detention, libel, slander, and invasion of privacy. Although his new allegations do not make any of these causes of action more plausible, his original allegations support claims for defamation and false imprisonment, because he is alleging that the St. Croix defendants intentionally placed or kept false information in his file that they knew could lead to an erroneous arrest. The elements of a Wisconsin-law defamation claim are: a statement (1) was spoken to someone other than the person defamed; (2) is false; (3) is unprivileged; and (4) tends to harm the defamed person's reputation so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. *Torgerson v.*

---

[1] All references to the docket in this portion of the opinion are to the docket in the '718 case, unless otherwise noted.

*Journal/Sentinel, Inc.*, 210 Wis. 2d 524, 534, 563 N.W.2d 472 (1997); *Hart v. Bennet*, 2003 WI App 231, ¶ 21, 267 Wis. 2d 919, 672 N.W.2d 306. The elements of a Wisconsin-law false-imprisonment claim are: (1) the defendant acts intending to confine the plaintiff within boundaries fixed by the defendant; (2) this act directly or indirectly results in such a confinement; and (3) the plaintiff is conscious of the confinement or is harmed by it. *Herbst v. Wuennenberg*, 83 Wis. 2d 768, 774–75, 266 N.W.2d 391, 394–95 (1978) (quoting Restatement (Second) of Torts § 35).

Hutter followed with a motion he titles as a "Motion to Disqualify Defendants Brief in Opposition to Request Discovery." Dkt. 56. It actually appears to be a motion to compel responses to what he says are discovery requests aimed at identifying the identity of the Doe St. Croix County Clerk of Court's Office employees. But the discovery requests he refers to, Dkt. 37, were made before the court's preliminary pretrial conference. The court told the parties not to file discovery before that conference. *See* August 24, 2018 notice, unnumbered on the docket.

Hutter also suggests that he included discovery requests with his proposed amended complaint. *See* Dkt. 47. But neither that document nor the earlier-filed document mentioned above are traditional discovery requests. They are not titled as interrogatories, requests for production of documents, or any other type of discovery request. Hutter merely asks defendants to tell him the names of the people who entered the incorrect information. In his reply, Hutter concedes that his filings were confusing. Regardless whether he means to withdraw the motion to compel or press on with it, I will deny it because he did not provide defendants with proper discovery requests.

Hutter later filed a motion for leave to amend his complaint, Dkt. 75, a document titled as a proposed amended complaint, Dkt. 76, and a motion for extension of his deadline to file his amended complaint, Dkt. 77. Hutter filed his proposed amendment about a week after the November 21, 2018 deadline set by the court. I conclude that there is no prejudice to defendants, so I will grant the motion for extension of time.

The proposed amended complaint itself is not a complete complaint; instead, it is limited to discussing the negligence claims against the "Jane Doe" clerk of court's office employees, and identifying those Does as Edie Ferrill and Jayme Foley. Discovery documents filed by the parties show why Hutter named them: their initials are on his criminal-court docket for events related to a July 1, 2015 plea hearing. *See* Dkt. 55 and 65. I take Hutter to be saying that he believes that the erroneous information about a prior conviction was entered on his record in conjunction with that hearing.

Defendants have filed a motion to dismiss the proposed amended complaint, Dkt. 81, because Hutter did not comply with the court's procedures for identifying Doe defendants by submitting an amended complaint identical to the current operative pleading with the *only* changes being the identification of the Does. *See* Dkt. 46, at 5. They contend that because the new amended complaint should supersede the current operative pleading, the court no longer has jurisdiction over the new complaint containing only state-law negligence claims. They also contend that Hutter fails to state negligence claims against these defendants.

I agree that Hutter's proposed amendment does not comply with the letter of the court's instructions, but defendants do not show why I should dismiss the case for a mistake that comes nowhere close to prejudicing them. I take the proposed amendment to be a supplement to the current operative pleading; there is no reason to believe that Hutter means to dismiss

4

his constitutional claims. The court tasked him with identifying the Doe defendants and he has done so. Particularly given his pro se status, I will excuse his failure to follow the exact Doe-naming procedure laid out by the court. I will consider Hutter's first amended complaint, Dkt. 18, and his new complaint naming the Does, Dkt. 76, together as the operative pleading.

I will partially grant defendants' motion regarding their argument that Hutter fails to state claims against the now-identified Doe defendants. He names Ferrill and Foley as defendants because they worked on his file in July 2015, before Hutter's two arrests. Hutter's theory is that these defendants mixed up his driver-license number with another case being litigated contemporaneously involving a different person who had been convicted of second-offense operating while intoxicated. This later caused Hutter to be arrested twice because his record contained false information about past convictions, a revoked license, an ignition interlock requirement, or something similar.

I granted Hutter leave to proceed on Fourth Amendment claims that defendants Fox and the Does (now Ferrill and Foley) failed to fix the erroneous records after Hutter alerted them to it. I did not allow him leave to proceed on Fourth Amendment claims about the initial placement of that information in his record, because that mistake was at most negligence. *See* Dkt. 17, at 3. All Hutter plausibly alleges against Ferrill and Foley is that they negligently placed the information in his record. So he may proceed on negligence and his new defamation claims against them, but he may not proceed on Fourth Amendment or his new false-imprisonment claims against them. Counsel for the existing defendants state that they will accept service on behalf of Ferrill and Foley.

I will also grant defendants' request to dismiss "St. Croix County Clerk of Court's Office" as a defendant. Hutter names either the office or the clerk as a defendant in various

filings, but I have already allowed him to proceed against the county. He may not proceed against the clerk of court's office because it is not a distinct legal entity. Nor do I take Hutter to be attempting to bring a claim against the person holding the clerk of court's office.

In my previous screening order, I did not allow Hutter to proceed on a Fourth Amendment claim against St. Croix County, because nothing in the complaint suggested that the individual defendants' decisions were the result of a policy or practice. *See* Dkt. 22, at 2. Hutter has filed another motion for leave to amend his complaint, Dkt. 88, and a proposed supplement to the complaint, Dkt. 89, in which he states that he would like to add the county as a defendant because he can now show that the county had a policy of poor record maintenance, citing an incident in which a document was stamped "filed" two days before it was stamped "received." While Hutter appears to indeed identify an error in a county filing, this incident is not enough to plausibly allege a county custom or practice necessary to support a constitutional claim against the county, so I will deny his motion to amend the complaint further.

**B. Case no. 18-cv-576-jdp against Pierce County defendants**

In the '576 case, Hutter is proceeding on Fourth Amendment claims against defendant Rick Huneke of the Pierce County Sheriff's Department for pulling him over for no reason and lying to a court commissioner to get a warrant to draw his blood. He is also proceeding on Wisconsin-law infliction-of-emotional-distress and defamation claims against defendants Rick Huneke and Pierce County.

    **1. Notice of claim**

Defendants filed a motion to dismiss Hutter's state-law claims against defendant Huneke and Pierce County, contending that Hutter failed to comply with Wisconsin's notice-

of-claim statute, Wis. Stat. § 893.80, for bringing claims against counties or their employees. Dkt. 15.[2] Both sides have submitted evidence along with their briefing, so I will consider the motion as one for summary judgment on this issue.

I previously allowed Hutter to dismiss his original case, no. 16-cv-717-jdp, and reopen it under a new case number after he made clear that he had not filed a proper notice of claim before initiating the '717 case, but he asserted that he indeed later filed a proper notice. Defendants now contend that Hutter has still not complied with § 893.80. They point to various documents that Hutter submitted in the '717 case, saying that Hutter believes them to satisfy the notice-of-claim statute for the current case, but that none of those documents actually complies with the statute.

The relevant portion of the statute for purposes of this case is § 893.80(1d), which states in part:

> [N]o action may be brought or maintained against any . . . governmental subdivision or agency thereof nor against any officer, official, agent or employee of the . . . subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:
>
> (a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the . . . governmental subdivision or agency and on the officer, official, agent or employee . . . . Failure to give the requisite notice shall not bar action on the claim if the . . . subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant . . . and
>
> (b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the

---

[2] All references to the docket in this portion of the opinion are to the docket in the '576 case, unless otherwise noted.

> appropriate clerk or person who performs the duties of a clerk or secretary for the defendant . . . subdivision or agency and the claim is disallowed.

There are two notice requirements: what Wisconsin courts call the "notice of injury" under subsection a, and the "notice of claim" under subsection b. *See, e.g., Yacht Club at Sister Bay Condo. Ass'n, Inc. v. Vill. of Sister Bay*, 2019 WI 4, ¶ 11, ___ Wis. 2d ___, 922 N.W.2d 95.

Defendants say that Hutter fulfilled neither of the requirements because his various letters were sent more than 120 days after his alleged false arrest, and he did not send them to the county clerk and Huneke, instead filing them as court documents in the Pierce County proceedings. That is, the *clerk of circuit court* received them, not the county clerk.

In response, Hutter contends that he has properly met the statute of limitations for his claims, but that is not the relevant issue here. Regardless whether Hutter met the Wisconsin statutes of limitations for his state-law claims, he must still comply with the additional notice-of-injury and notice-of-claim provisions of 893.80.

Hutter also contends that he indeed filed proper notices of injury and claim. He says that he submitted several notices, but most of these are clearly addressed to the "Clerk of Courts" or "Clerk of Circuit Courts" rather than the county clerk, as required to serve the county under §§ 893.80 and 801.11(4)(a)1. *See* Dkt. 30-2; Dkt. 30-5; Dkt. 30-6 in the '717 case. Hutter provides another set of documents, dated April 28, 2017, that discusses his January 23, 2016 arrest. Dkt. 30-3 and Dkt. 30-4 in the '717 case. The cover letter is addressed "Dear Clerks/DA's Office," and includes the case number for a criminal traffic case of Hutter's. Both documents include a notation that a copy was sent to "Pierce County Clerks Office." The cover letter was stamped received by Peg Feuerhelm, the clerk of circuit court.

The Pierce County clerk—*Jamie* Feuerhelm—provides a declaration that he never received the notice. Dkt. 17. In response, Hutter says that he "believes" that he sent a copy of the April 28, 2017 notice to Jamie Feuerhelm. Dkt. 19. He thinks that the mail was delivered to the wrong office, and he blames the clerk of circuit court for not forwarding a copy to the county clerk.[3] Neither side provides a copy of Hutter's envelope or submits evidence explaining how documents are routed inside the Pierce County courthouse; both the county clerk and clerk of court appear to have offices there. *See* www.co.pierce.wi.us.

Even assuming that Hutter's notice was sent to the correct address but misrouted, I conclude that he fails to show that he complied with the notice-of-claim statute. The notice is dated more than a year after his January 23, 2016 arrest, so he did not come close to complying with the 120-day deadline to file his notice of injury. A plaintiff may exceed the 120-day limit if he can prove that: (1) the governmental entity "had actual notice of the claim"; and (2) the governmental entity has not been prejudiced by the delay or failure to give notice. Wis. Stat. § 893.80(1)(a). Hutter does not address the prejudice question whatsoever, even though he has the burden to show that he should be excused from strict compliance with the notice-of-claim statute. *See E-Z Roll Off, LLC v. Cty. of Oneida*, 2011 WI 71, ¶¶ 18, 48–53, 335 Wis. 2d 720, 800 N.W.2d 421. So I will grant defendants' motion for summary judgment on the notice-of-claim issue and dismiss the Wisconsin-claims from the '576 case.

Hutter requests that I close this case and reopen a new one, with a notice of claim he filed in September 2018 serving to meet his burden under § 893.80. *See* Dkt. 22, Dkt. 79.

---

[3] Hutter also appears to suggest that his letters were shared with the county clerk because the clerk of courts and county clerk have the same last name. Dkt. 22, at 8. Hutter does not attempt to show that the Feuerhelms are related, but even if they were, that fact alone would not show that Hutter's notices got to the county clerk.

Alternatively, he asks that this case be stayed until defendants disallow his new notice. *See* Dkt. 25. I will deny those requests because we have already been down this path: I closed the '717 case and opened this one because Hutter said that he had filed a proper notice of claim after the '717 case was opened. Now that it turns out that Hutter was incorrect about that assertion, it would be unfair to defendants to give him yet another bite at the apple. He needed to comply with § 893.80 before filing his lawsuit. I will not allow him to voluntarily dismiss his second lawsuit for the purpose of re-attempting compliance with the notice-of-claim statute.

### 2. Motions to amend complaint

Hutter has filed two motions to amend his complaint. I will not consider any state-law theories because of Hutter's failure to comply with the notice-of-claim statute. But I will consider his constitutional theories.

Hutter says that he would like to add claims for "harassment, prejudice, profiling, and bias." Dkt. 7, at 3. Hutter says that after he was released from his imprisonment stemming from the original arrest by Huneke, Pierce County officials pulled him over "on a weekly basis." *Id.* Huneke pulled him over again with a K-9 unit, for no reason. *Id.* That night, Hutter called the county to complain about the harassment and he got a "harassment restraining order form to fill out." *Id.* at 4. The next day, Huneke "pulled out of nowhere and began following [him] very closely." *Id.* Hutter confronted Huneke, telling Huneke to stop harassing him. I take him to be saying that he handed the uncompleted restraining order form to Huneke and told Huneke that "it's over" and "I will forget about last night." *Id.* After that, county officers stopped harassing him.

I take Hutter to be saying that Huneke pulled him over at least once without a warrant or probable cause. So I will allow him to proceed on another Fourth Amendment claim against Huneke. Hutter does not name any other individuals as defendants for this harassment, nor does he plausibly allege that these incidents were the result of a custom or policy, so he does not state claims against other individuals or the county.

Hutter also alleges that Huneke hounded him after he complained to the county about sheriff's office harassment, apparently to intimidate him into dropping the complaint. I conclude that these new allegations state a First Amendment retaliation claim against Huneke. To state a First Amendment retaliation claim, a plaintiff must show that: (1) he engaged in activity protected by the First Amendment; (2) the defendant took actions that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) the First Amendment activity was at least a "motivating factor" in the defendant's decision to take those actions. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Hutter's allegations meets each of those elements.

Hutter also says that Pierce County Jail officials are opening his mail, but those events are not closely enough connected to his other claims to include in this case, so I will not consider those allegations further.

In Hutter's second motion to amend his complaint, Dkt. 30, and proposed amendment to the complaint, Dkt. 49, he attempts to add two new defendants: Pierce County Sheriff Nancy Hove and District Attorney Sean Froelich. Defendants contend that Hutter has not shown that "justice so requires" allowing Hutter to further amend his allegations. *See* Fed. R. of Civ. P. 15(a)(2). But courts "should freely give" such leave, there is time in the schedule to

accommodate the amendments, and I conclude that it is appropriate to allow Hutter, who is proceeding pro se, some leeway in developing his claims.

Defendants also ask the court to deny Hutter's motion for leave to amend his complaint because he failed to comply with this court's previous instructions by submitting one complete version of the amended complaint. But, as I discussed above regarding the '718 case, I will consider his proposed amendments as supplements to the original complaint.

Between his two motions to amend, Hutter seeks to add claims against both Pierce County and Sheriff Nancy Hove: he says that defendant Huneke made false statements to obtain a warrant, yet Hove did not discipline him. Hove cannot be liable for Huneke's constitutional violations just because she is his supervisor, but Hutter contends that Hove's failure to discipline Huneke for his false testimony means that she condoned his conduct, sending the message to deputies that they could "say or do anything they want." Dkt. 49, at 2. A supervisor can be liable for a constitutional violation if she knew about the conduct and facilitated it, approved it, condoned it, or turned a blind eye for fear of what she might see. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). I conclude that Hutter states a Fourth Amendment claim against Hove for turning a blind eye to Huneke's misconduct.

As for the county, a municipality can be liable for the actions of its employees if the violation was caused by an official policy, a custom or practice, or an official with final policy-making authority. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Because Hutter alleges that Sheriff Hove—who at this point I will assume is the person with final policy-making authority regarding deputies' procedures—contributed to Huneke's Fourth Amendment violations by turning a blind eye to his misconduct, I will allow Hutter to proceed on a Fourth Amendment claim against the county as well.

12

Hutter alleges that Sean Froehlich, the district attorney, failed to drop the charges against him even though St. Croix County emailed him to explain that there was erroneous information in Hutter's file. Hutter also alleges that Froelich elicited false testimony from Huneke at a hearing. But plaintiff cannot obtain damages against a prosecutor for conduct he takes in his capacity as a prosecutor. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) ("[A] state prosecutor ha[s] absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial."). So I will not allow Hutter to proceed on claims against Froelich.

**C. Motions concerning both cases**

**1. Motion to dismiss counsel**

Hutter has filed a motion asking the court to "dismiss" counsel for defendants in these two actions, all of whom are represented by the same law firm. Dkt. 42 in the '718 case. Hutter says that this may cause a conflict of interest or prejudice him in some way. But it is common for multiple defendants in a civil lawsuit to be represented by the same lawyer, so there is no reason to be concerned about a conflict of interest, and Hutter does not explain how he will be prejudiced by the arrangement. Simply put, it is up to defendants to decide who their lawyers are. I will deny Hutter's motion.

**2. Recruitment of counsel**

I previously denied Hutter's motion for the court's assistance in recruiting him counsel, because he had not shown that he had made his own effort to contact lawyers to represent him, and because his only task at that point was to properly amend his complaint. Dkt. 17 in the '718 case, at 4–5. Hutter has renewed his motion for the court's assistance, stating that the cases are too complex for him to handle and that a lawyer would do a much better job of

13

litigating his claims. Dkt. 95 in the '718 case. He has included documents showing that he has contacted several attorneys who have turned him down, so I conclude that he has made appropriate efforts to find counsel himself.

But I am not yet convinced that these cases are among those relatively few in which it appears from the record that the legal and factual difficulty of the cases truly exceeds the plaintiff's ability to litigate them. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc). The court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

"The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655. Hutter is concerned that he cannot effectively litigate the cases himself because he is not a trained lawyer, but he should know that he is in the same position as most other pro se litigants in that respect, almost none of whom has legal training of any kind. Hutter should be able to use discovery to understand defendants' explanations of why they entered information in his records, failed to remove it, or arrested him. Without seeing the parties' summary judgment materials, I cannot tell for certain what issues the parties truly dispute or whether those areas of dispute will be too complex for Hutter to litigate himself. So I will deny his motion, again without prejudice to him renewing it later. If he does renew his motion, he will have to explain what specific litigation tasks he cannot perform himself.

ORDER

IT IS ORDERED that:

**In case no. 16-cv-718-jdp:**

1. Plaintiff Mason L. Hutter's motion for leave to amend his complaint, Dkt. 47, is GRANTED in part.

2. Plaintiff's motion to compel discovery requests, Dkt. 56, is DENIED.

3. Plaintiff's motion for leave to amend his complaint, Dkt. 75, and motion for an extension of time to identify the Doe defendants, Dkt. 77, are GRANTED.

4. Defendants' motion to dismiss plaintiff's proposed amended complaint, Dkt. 81, is GRANTED in part.

5. Plaintiff's motion for leave to amend his complaint, Dkt. 88, is DENIED.

6. Hutter is now GRANTED leave to proceed on the following claims:

    - A Fourth Amendment claim against defendant Shelly Fox.

    - Wisconsin-law false-imprisonment claims against defendants Fox and St. Croix County.

    - Wisconsin-law negligence and defamation claims against defendants Fox, St. Croix County, Edie Ferrill, and Jayme Foley.

7. Defendant St. Croix Clerk of Courts Office is DISMISSED.

**In case no. 18-cv-576-jdp:**

1. Defendants' motion for summary judgment regarding plaintiff's compliance with Wis. Stat. § 893.80, is GRANTED. Plaintiff's Wisconsin-law claims are DISMISSED.

2. Plaintiff's motions to stay the case pending disallowance of his new notice of claim, or to dismiss this case and open a brand-new one, Dkt. 22; Dkt 25; Dkt. 79, are DENIED.

3. Plaintiff's motions to amend his complaint, Dkt. 7 and Dkt. 30, are GRANTED in part.

4. Plaintiff is now GRANTED leave to proceed on the following claims:

    - First Amendment retaliation and Fourth Amendment claims against defendant Rick Huneke.

15

- Fourth Amendment claims against Nancy Hove and Pierce County.

**In both cases:**

1. Plaintiff's motion to bar counsel from representing defendants, Dkt. 42, is DENIED.

2. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 95, is DENIED without prejudice.

Entered February 21, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge